RICHARDS v. LEVISON.

(Supreme Court, Appellate Term, First Department. June 17, 1913.)

1. BILLS AND NOTES (§ 489*)—ACTION ON PROMISE—BURDEN OF PROOF—CONSIDERATION.

In an action on a nonnegotiable written promise to pay money, the consideration therefor must be both pleaded and proven.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1587–1642; Dec. Dig. § 489.*]

2. BILLS AND NOTES (§ 92*)—CONSIDERATION—LIABILITY OF STOCKHOLDER.

A stockholder in a corporation is not thereby bound to pay its debts, and a note given by him therefor is without consideration.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 166–173, 175–205, 208–212; Dec. Dig. § 92.*]

Appeal from Municipal Court, Borough of Manhattan, Seventh District.

Action by Stephen H. Richards against Lucian H. Levison. From a judgment of the Municipal Court of the City of New York in favor of the plaintiff, defendant appeals. Reversed, and new trial ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Argued May term, 1913, before LEHMAN, BIJUR, and WHITA-KER, JJ.

Lucian H. Levison, of New York City (Mayer B. Sulzberger, of New York City, of counsel), for appellant.

Albert Blogg Unger, of New York City, for respondent.

LEHMAN, J. [1] The plaintiff has brought suit upon a written promise to pay the sum of $50. The written instrument is set forth in the complaint, and is not negotiable. Consideration for the promise must therefore be both pleaded and proven.

[2] It was not pleaded, and, in my opinion, was not proven. It appears that the plaintiff's assignor was employed as an actress by a corporation of which the defendant was a stockholder and manager. The only proof presented by the plaintiff of consideration was that the defendant admitted to plaintiff's former attorney "that he had given that note for two weeks' services as a vaudeville performer in the opera house at Washington, Del., that he had taken over a theatrical venture there," and that he would pay the note if given time. To meet this testimony, the defendant showed that the corporation had failed to pay the salary of the plaintiff's assignor for about three weeks, and that he had then personally given this note, saying:

"Now, remember, there is no obligation on my part to advance this money to you. I am giving this to you as a favor to you."

This testimony is not contradicted. He also testified that he told plaintiff's attorney only that the note was a moral obligation. Even though the defendant was a stockholder in the corporation and was interested in its profits, he was not bound to pay its debts. If he did promise to pay the debts, and the promisee gave up no rights in return for that promise, the promise was without consideration. The testimony of the plaintiff's former attorney is not inconsistent with the testimony of the defendant, and is, under the circumstances, not sufficient to show consideration.

Judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.